# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA S. CONNEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-08-73-SPS ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Donna S. Connel requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled and that she could perform her past relevant work. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933

---

[1] Step one requires the claimant to establish thast she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on May 19, 1963, and was forty-three years old at the time of the administrative hearing. She has a high school education and previously worked as a teacher's assistant for Oklahoma Public Schools from 1993 to 2001; she also worked part-time jobs at an automotive store, as a daycare worker, and in fast food preparation (Tr. 85). The claimant alleges she has been unable to work since March 1, 2004, because of congenital heart disease, dyspnea, a previous stroke, headaches, degenerative disk disease, cervical whiplash, fibromyalgia, arthritis, scoliosis, ulcerative colitis, left knee derangement status post-surgery, irritable bowel syndrome, restless leg syndrome, and depression.

**Procedural History**

On October 19, 2004, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Both applications were denied. ALJ Edward L. Thompson conducted a hearing and determined that the claimant was not disabled in a decision dated July 16, 2007. The

Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*, that she could lift/carry 10 pounds frequently and 20 pounds occasionally, and stand/walk/sit for 6 of 8 hours in a work day (Tr. 25). The ALJ concluded that the claimant was not disabled because she could return to her past relevant work as a teacher (Tr. 27).

## Review

The claimant contends that the ALJ erred: (1) by failing to explain his resolution of conflicts in the medical evidence; (2) by failing to properly evaluate the opinions of her treating physician, Dr. Wellie Adlaon; and (3) by failing to properly evaluate her credibility. The Court finds the claimant's second contention persuasive.

Medical opinions from a treating physician are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). When a treating physician's opinions are not entitled to controlling weight, the ALJ must determine the proper weight to which they are entitled by analyzing all of the factors set forth in 20 C.F.R. § 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source

medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § [416.927].")*, quoting Watkins,* 350 F.3d at 1300 [emphasis added]. The applicable factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) any other factors that tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted]. And if the ALJ decides to reject a treating physician's opinions entirely, he is required to "give specific, legitimate reasons for doing so." *Id.* at 1301 [quotations omitted]. In sum, it must be "clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300.

The ALJ summarily dismissed the opinion of the claimant's treating physician with this comment: "The opinion of Dr. Wellie Adlaon, M.D. is given little weight in this opinion. In determining that the claimant is disabled based on exertional dyspnea, he has determined an issue that is reserved to the Commissioner." (Tr. 27). The ALJ apparently found more convincing the check-form RFC assessment by a state agency physician, who opined that she could perform a full range of light work (Tr. 206-211). The ALJ did not, however, provide any explanation for preferring this opinion.

The ALJ's summary disposition of Dr. Adlaon's opinion was both unpersuasive and legally erroneous. While free to withhold controlling weight if the opinion was on an issue reserved to the Commissioner, *see* 20 C.F.R. §§ 404.1527(e), 416.927(e) ("A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled."), the ALJ was nevertheless required to evaluate the opinion of a treating physician such as Dr. Adlaon (or *any* physician) by applying all of the factors in 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.927. *See, e. g., Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, [t]reating source medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § 404.1527."), *quoting Watkins,* 350 F.3d at 1300 [emphasis added]. *See also Miller v. Barnhart,* 43 Fed. Appx. 200, 204 (10th Cir. 2002) ("An ALJ is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner."), *quoting* Soc. Sec. Rul. 96-5p. This was particularly important to do here because the ALJ did not explain why he preferred a state agency physician's opinion to Dr. Adlaon's, *see, e. g., Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. Thus, the ALJ erred in rejecting the treating-physician opinion of Dr. Baca in favor of the

non-examining, consulting-physician opinion of Dr. Walker absent a legally sufficient explanation for doing so."); *see also Reid v. Chater,* 71 F.3d 372, 374 (10th Cir. 1995) ("A treating physician's opinion is favored over an opinion offered by a consulting physician."), *citing Talbot v. Heckler,* 814 F.2d 1456, 1463 (10th Cir. 1987), or even specify the weight he was assigning to the preferred opinion. *See, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1223 (10th Cir. 2004) ("If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it."). Indeed, the ALJ failed to analyze and specify the weight he was assigning to *any* of the medical opinions in the case. *See Hamlin,* 365 F.3d at 1215 ("An ALJ must evaluate *every medical opinion* in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional."), *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995) [emphasis added].

Because the ALJ failed to properly evaluate the medical opinions in the case, the decision of the Commissioner must be reversed and the case is remanded to the ALJ for further analysis. If the ALJ decides to modify the claimant's RFC, the ALJ should then re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

**Conclusion**

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 14th day of September, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**