# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DONNA CONNEL,           )
                                   )
                **Plaintiff,**     )
                                   )
**v.**                               )          **Case No. CIV-08-73-SPS**
                                   )
**MICHAEL J. ASTRUE,**     )
**Commissioner of the Social**    )
**Security Administration,**     )
                                 )
               **Defendant.**    )

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. The Plaintiff seeks an award of attorneys' fees in the amount of $7,360.30 under the Equal Access to Justice Act, 28 U.S.C. § 2412. The Commissioner does not object to an award of $6,971.60 to the Plaintiff under the EAJA, but does object to the remaining $388.70 billed by the Plaintiff's attorneys for analysis of *Murkeldove v. Astrue*, 635 F.Supp.2d 564 (N.D. Tex. 2009), in which a request for appellate attorneys' fees under the EAJA was denied on the theory that the claimant was not obligated to pay attorneys' fees absent any award of benefits by the Commissioner. *See* 635 F.Supp.2d at 574 ("Simply stated, Murkeldove has no legal obligation to pay Morgan & Weisbrod, either by operation of the fee arrangement between them or otherwise, for the legal services upon which Weisbrod bases his application for an EAJA fee award. Unfulfilled

conditions precedent to Murkeldove's obligation to pay a fee are successful pursuit of his Social Security claim and approval by Commissioner or the court of payment of a fee out of whatever Social Security benefit he might recover."). The Plaintiff did not respond to this objection, and the Court finds that it should be sustained; the issue in *Murkeldove* has not been raised here, and it was thus unnecessary for the Plaintiff to address it.

Upon review of the record herein, the Court finds that $6,971.60 in attorneys' fees is reasonable and that the Commissioner should be ordered to pay it to the Plaintiff as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action [.]"). *See also Manning v. Astrue*, 510 F.3d 1246, 1249-50 (10th Cir. 2007), *cert. denied*, __ U.S. __, 129 S. Ct. 486, 172 L. Ed. 2d 355 (2008). Accordingly, Plaintiff's Application for the Award of Attorney's Fees under the Equal Access to Justice Act [Docket No. 24] is hereby GRANTED as set forth above, and the Commissioner is hereby ordered to pay attorneys' fees in the amount of $6,971.60 to the Plaintiff as the prevailing party herein.

**IT IS SO ORDERED** this 18th day of November, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**